IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIM FERGUSON,

      Plaintiff,                No. CIV S-06-1165 FCD DAD P

   vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.          <u>ORDER</u>
_____/

      Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's complaint and in forma pauperis application were filed in the United States District Court for the Northern District of California on May 17, 2006, and the case was transferred to the United States District Court for the Eastern District of California on May 30, 2006. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

      Plaintiff's in forma pauperis application makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request for leave to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) and 1915(b)(1). Plaintiff had been without funds for six months prior to

the filing of this action and was without funds when he filed his application to proceed in forma pauperis.  Accordingly, the court will not assess an initial partial filing fee.  <u>See</u> 28 U.S.C. § 1915(b)(1).  Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account.  These payments shall be collected and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  <u>See</u> 28 U.S.C. § 1915(b)(2).

The district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A.  The court must dismiss the complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  <u>See also</u> 28 U.S.C. § 1915(e)(2) (requiring dismissal of a case in which the plaintiff is proceeding in forma pauperis when the plaintiff's claims are frivolous or malicious, fail to state a claim, or seek monetary relief from a defendant immune from such relief).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim has an arguable legal and factual basis.  <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

A complaint may be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint that would entitle him to relief.  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984); <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).  For screening purposes, the court will accept as true the allegations of the complaint.  <u>See</u> <u>Hospital</u>

2

Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court will also construe the

pleading in the light most favorable to the plaintiff and resolve doubts in the plaintiff's favor.

See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, the court may disregard

allegations in the complaint if they are contradicted by facts established by exhibits attached to

the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court

need not accept as true conclusory allegations, unreasonable inferences, or unwarranted

deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

   The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires an actual connection or link between the actions of each

defendant and the deprivation alleged to have been suffered by the plaintiff.  See Monell v.

Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

   "A person 'subjects' another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

omits to perform an act which he is legally required to do that causes the deprivation of which

complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Supervisory

personnel are generally not liable under § 1983 for the actions of their employees under a theory

of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the

causal link between him and the claimed constitutional violation must be specifically alleged.

See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441

(9th Cir. 1978).

   Here, the plaintiff is currently housed at California Men's Colony West in San

Luis Obispo.  His claims arose in 2003 at Susanville State Prison.  Plaintiff identifies the

defendants as California Department of Corrections, Director Jennie Woodford, Lieutenant

Robins, Sergeant Sobel, and Medical Department (Dental) at Susanville State Prison.  Although plaintiff has used a § 1983 complaint form, he has alleged no statement of claim or request for relief on the form and instead refers to "attached."  Plaintiff's first attachment is an eleven-page typed document captioned for "The Civil Court of the State of California."  The title of this document consists of a list of state statutes under the heading "Vio."  The statutes include evidence code provisions concerning unlawful intent and failure to exercise due care, a government code provision concerning failure to discharge statutory duty, penal code provisions concerning "negligence (imputed gross)" and obstruction, and a civil code provision concerning actionable fraud.

Plaintiff describes an incident that occurred on March 18, 2003, just two weeks before he was to be released on parole.  He alleges as follows:  he was "jumped" by three inmates and was kicked in the mouth while on the floor trying to defend himself; Lieutenant Angela interviewed him and placed him in administrative segregation for his own safety as well as institutional security; plaintiff wanted to press charges against the inmates but was told he could not; defendant Sobel was assigned to handle the incident; contrary to the lieutenant's report based on the interview with plaintiff, defendant Sobel decided the incident was a physical altercation and wrote the report to make plaintiff the culprit; plaintiff was found guilty and was assessed 90 days loss of credits, thereby missing his parole date by 60 days; defendant Robins conducted the hearing on the charge of physical altercation; plaintiff asked defendant Robins not to let the inmate clerk type up the CDC 115, but defendant Robins gave the 115 to the program clerk to type; plaintiff filed an inmate appeal; the classification committee decided to release plaintiff back to his yard, but plaintiff asked to remain in administrative segregation for his own safety and parole from there; during the 90 days before he paroled, plaintiff sought dental care for the chipped and broken front tooth he suffered when he was kicked in the mouth; dental staff tried to fix plaintiff's tooth but failed, leaving three holes in a tooth in the front of plaintiff's mouth; dental staff told plaintiff they did not have the proper equipment; after plaintiff paroled

4

1   on June 9, 2003, he mailed an inmate appeal to the appeals coordinator for the Board of Prison

2   Terms; plaintiff sent a series of letters to the Board concerning the status of his appeal but

3   received no response; plaintiff inquired about receiving dental care while on parole at state

4   expense but received no response.

5           Plaintiff wants the court to obtain and examine his inmate appeal and consider his

6   claim of "Gross Negligence & Intentional obstruction & Deliberate Misappropriation of duties &

7   Employee Conduct, to Deliberately cause Emotional & Physical Grief, Mental Anguish, &

8   Physical & Emotional unrest to Family, while subjecting a person under their Authority to undue

9   loss of time."  Plaintiff also wants the court to consider his claim of unfinished dental work and

10  order the California Department of Corrections to finish the work they started and reimburse

11  plaintiff for undue pain and suffering and loss of time.

12          Plaintiff contends that defendant Sobel improperly overruled Lieutenant Angela's

13  analysis of the incident and took 90 days out of plaintiff's life to satisfy his personal agenda.

14  Plaintiff describes this conduct as gross negligence, intentional obstruction, deliberate

15  misappropriation of duties, and gross employee misconduct.

16          Plaintiff contends that defendant Robins intentionally allowed confidential

17  material, i.e., plaintiff's testimony at the disciplinary hearing, to be circulated through the inmate

18  population by an inmate clerk.  Plaintiff describes this conduct as gross negligence that placed

19  him in imminent danger at the time and continues to place him in danger throughout the entire

20  state prison system.

21          Plaintiff would like to have the dental work finished now that he is back in prison.

22  Plaintiff was told by a dentist at California Men's Colony in 2005 that they do not have the

23  equipment needed to fix his teeth.  Plaintiff would nevertheless like a court order requiring the

24  CDC to complete his dental work.

25          In his complaint, plaintiff seeks dental work and "closure."  In an amendment

26  filed on July 6, 2006, plaintiff seeks to add a prayer for the following relief:  injunctive relief,

1   compensatory damages, punitive damages, attorney fees, costs, and any other relief the court

2   deems proper.

3           In part, plaintiff's allegations challenge the validity of the disciplinary charge that

4   was issued by defendant Sobel and adjudicated by defendant Robins, resulted in the loss of 90

5   days of time credits, and delayed his release on parole for 60 days.  In general, when a state

6   prisoner challenges the legality of his custody and the relief he seeks is the determination of his

7   entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus.

8   Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  When a prisoner seeks money damages based

9   on allegations that imply the invalidity of his confinement, the prisoner is barred from seeking

10  damages pursuant to § 1983 until he has established, through appropriate state or federal

11  remedies, that his confinement is or was in fact illegal.  Edwards v. Balisok, 520 U.S. 641, 648

12  (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

13          On the present record, it is not clear whether plaintiff's current confinement is

14  related to his confinement in 2003.  If his current confinement is a continuation of his previous

15  confinement or if there is any link between his current confinement and the 90 days of lost time

16  credits, plaintiff may not seek damages from defendants Sobel and Robins until he has

17  established that the 60-day extension of his confinement was illegal.  It appears that plaintiff's

18  claims for damages arising from the disciplinary conviction are not cognizable under § 1983 at

19  this time.

20          The court has considered whether plaintiff's remaining allegations, i.e., those

21  concerning defendant Robins' failure to preserve the confidentiality of plaintiff's testimony and

22  those concerning his dental care, state any federal claim on which relief may be granted.  Under

23  the Eighth Amendment, prisons must provide inmates with humane conditions and protect them

24  from harm.  To state an Eighth Amendment claim, a prisoner must allege facts showing that

25  objectively he suffered a sufficiently serious deprivation and that subjectively each defendant had

26  a culpable state of mind when he or she caused or allowed the prisoner's serious deprivation of

6

1   rights to occur.  Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294,

2   298-99 (1991).  Neither accident nor negligence constitutes cruel and unusual punishment.

3   Whitley v. Albers, 475 U.S. 312, 319 (1986).

4           When an inmate alleges that staff failed to protect him or denied humane

5   conditions of confinement, he must allege facts showing that each defendant knew of and

6   disregarded an excessive risk to his health or safety and deliberately subjected him to a

7   substantial risk of serious harm.  Farmer, 511 U.S. at 837.  The prisoner must allege facts

8   showing that each defendant was aware of facts from which the inference could be drawn that a

9   substantial risk of serious harm existed and that each defendant drew that inference at the

10  relevant time.  Id.

11          Under the standards set forth above, the court finds that the allegations in

12  plaintiff's complaint fail to state an Eighth Amendment claim on which relief can be granted.

13  Plaintiff's allegations do not show that objectively he suffered a sufficiently serious deprivation

14  of his Eighth Amendment rights.  Nor do his allegations show that subjectively each defendant

15  had a culpable state of mind.  With regard to dental care, plaintiff has not identified a specific

16  dentist as a defendant and has not alleged that any dentist was deliberately indifferent to a serious

17  medical need.  With regard to the release of confidential information, plaintiff's allegations are

18  so vague and conclusory that they do not support a conclusion that defendant Sobel knew of and

19  disregarded an excessive risk to plaintiff's health or safety, and deliberately subjected plaintiff to

20  a substantial risk of serious harm.  Plaintiff has alleged no facts linking defendant Woodford,

21  who holds a supervisory position, to any constitutional violation, and plaintiff's claims for

22  damages from the California Department of Corrections are barred by the Eleventh Amendment.

23          Plaintiff's complaint fails to state a cognizable constitutional claim against any

24  defendant.  The complaint must be dismissed for failure to state a claim upon which relief can be

25  granted.  The court will, however, grant leave to file an amended complaint.

26  /////

7

1   Although the Federal Rules adopt a flexible pleading policy, a complaint must

2   link each defendant to one or more violations of the plaintiff's rights, must give each defendant

3   fair notice of the claims against him or her, and must allege facts that satisfy the elements of the

4   claims both plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency,

5   733 F.2d 646, 649 (9th Cir. 1984).  A plaintiff must allege with some degree of particularity

6   overt acts which each defendant engaged in that support the plaintiff's claims.  See id.

7   If plaintiff amends his complaint, he must allege facts demonstrating how each

8   defendant's acts or omissions resulted in a deprivation of a constitutional right.  See Ellis v.

9   Cassidy, 625 F.2d 227 (9th Cir. 1980).  There can be no liability under 42 U.S.C. § 1983 absent

10   an affirmative link between the defendant's actions and the claimed deprivation.  See Rizzo v.

11   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.

12   Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official

13   participation in civil rights violations will not suffice.  See Ivey v. Board of Regents, 673 F.2d

14   266, 268 (9th Cir. 1982).

15   Plaintiff's amended complaint must be complete in itself without reference to the

16   original pleading.  See Local Rule 15-220.  The original complaint will be superseded by the

17   amended complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  In the amended

18   complaint, as if it were the first complaint filed in this action, plaintiff must allege all claims and

19   the involvement of all defendants in accordance with this order.

20   Plaintiff has moved for appointment of counsel.  The United States Supreme

21   Court has ruled that district courts lack authority to require counsel to represent indigent

22   prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

23   certain exceptional circumstances, the court may request the voluntary assistance of counsel

24   pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

25   Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

26   does not find the required exceptional circumstances.  Plaintiff's motion will therefore be denied.

8

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's application to proceed in forma pauperis filed in the United States

3  District Court for the Northern District of California on May 17, 2006, is granted.

4    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5  The fee shall be collected and paid in accordance with this court's order to the Director of the

6  California Department of Corrections and Rehabilitation filed concurrently herewith.

7    3.  Plaintiff's June 12, 2006 motion for appointment of counsel is denied.

8    4.  Plaintiff's complaint is dismissed with leave to amend.

9    5.  Plaintiff is granted thirty days from the date of service of this order to file an

10  amended complaint that complies with the requirements of the Civil Rights Act, the Federal

11  Rules of Civil Procedure, and this order; the amended complaint must bear the case number

12  assigned to this case and must be labeled "Amended Complaint"; failure to file an amended

13  complaint that complies with this order will result in a recommendation that this action be

14  dismissed for failure to state a claim upon which relief may be granted.

15  DATED: November 30, 2006.

16

17  _____

18  DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

19  DAD:13
    ferg1165.14a

20

21

22

23

24

25

26