IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIM FERGUSON, | | |
| | Plaintiff, | No. CIV S-06-1165 FCD DAD P |
| | vs. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | | |
| | Defendants. | ORDER |

  Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 1, 2006, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, ___ U.S. ___,     , 127 S. Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 127 S. Ct. at 1965.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

3  Moreover, supervisory personnel are generally not liable under § 1983 for the
4  actions of their employees under a theory of respondeat superior and, therefore, when a named
5  defendant holds a supervisorial position, the causal link between him and the claimed
6  constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
8  941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
9  in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
10 Cir. 1982).

11 In plaintiff's original complaint, he named as defendants the California
12 Department of Corrections, Director Jennie Woodford, Lieutenant Robins, Sergeant Sobel, and
13 the Medical Department (Dental) at Susanville State Prison. Plaintiff alleged that, on March 18,
14 2003, just two weeks before he was to be released on parole, three inmates "jumped" him and
15 kicked him in the mouth while he was on the floor trying to defend himself. Plaintiff wanted to
16 press charges against the inmates but was told he could not.

17 Defendant Sgt. Sobel was assigned to handle the incident. Plaintiff alleged that
18 contrary to the lieutenant's report based on the interview with plaintiff, Sgt. Sobel determined the
19 incident was a physical altercation and wrote a report portraying plaintiff as the culprit. Plaintiff
20 alleged that in doing so Sgt. Sobel was merely attempting to satisfy his own personal agenda.
21 Plaintiff was found guilty of a disciplinary charge of engaging in a physical altercation and was
22 assessed 90 days loss of credits, thereby missing his parole date by 60 days.

23 Defendant Lt. Robins conducted the hearing on the disciplinary charge against
24 plaintiff. Although plaintiff asked Lt. Robins not to let the inmate clerk type up the CDC 115,
25 Lt. Robins gave the 115 to the program clerk to type anyway. Plaintiff contends that in doing so,
26 Lt. Robins intentionally allowed confidential material, i.e., plaintiff's testimony at the

disciplinary hearing, to be circulated through the inmate population by an inmate clerk. Plaintiff described this conduct as gross negligence that placed him in imminent danger at the time and continues to place him in danger throughout the entire state prison system.

During the 90 days before he paroled, plaintiff sought dental care for the chipped and broken front tooth he suffered when he was kicked in the mouth. Dental staff tried to fix plaintiff's tooth but failed, leaving three holes in a tooth in the front of plaintiff's mouth. Dental staff told plaintiff they did not have the proper equipment to fix his tooth.

After plaintiff paroled on June 9, 2003, he mailed an inmate appeal to the appeals coordinator for the Board of Prison Terms and sent a series of letters to the Board concerning the status of his appeal but received no response. Plaintiff also inquired about receiving dental care while on parole at state expense but received no response.

Plaintiff asked the court to obtain and examine his inmate appeal and consider his claim of "Gross Negligence & Intentional obstruction & Deliberate Misappropriation of duties & Employee Conduct, to Deliberately cause Emotional & Physical Grief, Mental Anguish, & Physical & Emotional unrest to Family, while subjecting a person under their Authority to undue loss of time." Plaintiff also asked the court to consider his claim of unfinished dental work and to order the California Department of Corrections to finish the dental work and reimburse plaintiff for undue pain and suffering and loss of time. In an amendment filed on July 6, 2006, plaintiff sought to add a prayer for the following relief: injunctive relief, compensatory damages, punitive damages, attorney fees, costs, and any other relief the court deems proper.

The court explained in its December 1, 2006 order dismissing plaintiff's original complaint with leave to amend, that in part plaintiff's allegations challenged the validity of the disciplinary charge issued by Sgt. Sobel and adjudicated by Lt. Robins which resulted in his loss of time credits and delayed his release on parole for 60 days. The court advised plaintiff that, in general, when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a

writ of habeas corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The court further advised plaintiff that, a prisoner is barred from seeking money damages pursuant to § 1983 based on allegations that implicate the validity of his confinement unless and until he has established, through appropriate state or federal remedies, that his confinement is in fact illegal.  Edwards v. Balisok, 520 U.S. 641, 648 (1997); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).

The court also considered whether the remaining allegations in plaintiff's original complaint, i.e., those concerning Lt. Robins' alleged failure to preserve the confidentiality of plaintiff's testimony and those concerning plaintiff's claim of incomplete dental care, stated a e federal claim on which relief could be granted.  The court concluded that the allegations in plaintiff's complaint failed to state any cognizable Eighth Amendment claim and dismissed the complaint with leave to amend.

In plaintiff's amended complaint now before the court, he first alleges that Lt. Angela and Sgt. Sobel denied him his right to file an application to prosecute the inmates who "jumped" him.  He next alleges that Sgt. Sobel inflicted cruel and unusual punishment on him by calling every person involved in the altercation, questioning them, and then fabricating the story to fit Sgt. Sobel's desired result.  Plaintiff further alleges that Sgt. Sobel released all the inmates involved in the alteration back to the yard, resulting in news of what had taken place to spread throughout the institution.  Plaintiff alleges that Sgt. Sobel's actions have caused him grief, emotional stress and loss of time.  Next, plaintiff again alleges that Lt. Robins was aware of the procedures for handling confidential material but deliberately chose not to follow them and improperly released plaintiff's confidential material to the prison population.  Finally, plaintiff again alleges that prison staff failed to provided him with proper dental care by failing to complete his dental work.

As was the case with plaintiff's original complaint, the allegations of the amended complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The amended complaint does not contain a

short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed.  In the interests of justice, the court will grant plaintiff leave to file a second amended complaint.

If plaintiff chooses to file a second amended complaint, he should clarify whether his current confinement is related to his confinement in 2003.  On the present record, it is not still clear.  If his current confinement is a continuation of his previous confinement or if there is any link between his current confinement and the 90 days of lost time credits, plaintiff may not seek damages from defendants Sobel and Robins until he has established that the 60-day extension of his confinement was illegal.

In addition, plaintiff is advised that victims of crime do not have a private right of action to pursue criminal charges against those who victimized them.  See Diamond v. Charles, 476 U.S. 54, 64 (1986) (observing that a victim of a crime does not have a "judicially cognizable interest" in prosecuting an alleged criminal); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); Gomez v. City and County of San Francisco, No. C 04-1692 PJH, 2005 WL 43869, *3 (N.D. Cal. Jan. 10, 2005) (rejecting an access-to-courts claim based on plaintiff's allegation that she had a viable criminal case against the police officer but was deprived of her criminal remedy by the actions of the official who covered up the officer's criminal involvement); Marsh v. Kirschner, 31 F. Supp. 2d 79, 81 (D. Conn. 1998) ("[T]here is no federal right to have criminal wrongdoers prosecuted").  Under California law, it is the district attorney who has the sole right to prosecute criminal charges.  See Cal. Penal Code § 739.

Plaintiff is also advised that the United States Supreme Court has determined that cruel and unusual punishment involves more than negligence or lack of due care for a prisoner's interests or safety. Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 1084 (1986). Specifically, "it is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." Id. Plaintiff's amended allegations against defendant Sobel do not rise to the level of "obduracy and wantonness" that is required to state a claim under the Eighth Amendment.

The United States Supreme Court has held that a prison official's failure to protect an inmate violates the Eighth Amendment "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."[1] Farmer v. Brennan, 511 U.S. 825, 847 (1994). Under this standard, a prison official must have a "sufficiently culpable state of mind," one of deliberate indifference to the inmate's health or safety. Id. at 834. Plaintiff's allegations with regard to defendant Robin's release of confidential information are so vague and conclusory that they do not support a conclusion that defendant Robins knew of and disregarded an excessive risk to plaintiff's health or safety, and deliberately subjected plaintiff to a substantial risk of serious harm.

/////

---

[1] It has been held that a prison official violates the Eighth Amendment when two criteria are met. First, a plaintiff's alleged deprivation must be sufficiently serious from an objective standpoint. Put another way, a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, a prison official must have a state of mind of "deliberate indifference" to a prisoner's health and safety. Id. at 834. In the prison context, "only unnecessary and wanton infliction of pain implicates the Eighth Amendment. Id. (citing Wilson v. Seiter, 501 U.S. 294 (1991)). Thus, a court can hold a prison official liable only if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Id. at 837.

Finally, plaintiff is advised that the Supreme Court has held that inadequate medical care does not constitute cruel and unusual punishment cognizable under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). Even in his amended complaint plaintiff has still failed to identify anyone who provided him with dental treatment, identified when he was treated or how that treatment was inadequate. Nor has plaintiff alleged facts suggesting that anyone who treated his dental condition was deliberately indifferent to a serious medical need.

If plaintiff chooses to file a second amended complaint, plaintiff must demonstrate how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the prior pleading no longer

1 serves any function in the case. Therefore, in a second amended complaint, as in an original
2 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3 Also before the court is plaintiff's second motion for appointment of counsel.
4 The United States Supreme Court has ruled that district courts lack authority to require counsel
5 to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S.
6 296, 298 (1989). In certain exceptional circumstances, the district court may request the
7 voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d
8 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

9 The test for exceptional circumstances requires the court to evaluate the plaintiff's
10 likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in
11 light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,
12 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances
13 common to most prisoners, such as lack of legal education and limited law library access, do not
14 establish exceptional circumstances that would warrant a request for voluntary assistance of
15 counsel. In the present case, the court does not find the required exceptional circumstances.

16 Accordingly, IT IS HEREBY ORDERED that:

17 1. Plaintiff's March 5, 2007 amended complaint is dismissed;

18 2. Plaintiff is granted thirty days from the date of service of this order to file a
19 second amended complaint that complies with the requirements of the Civil Rights Act, the
20 Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint
21 must bear the docket number assigned to this case and must be labeled "Second Amended
22 Complaint"; failure to file a second amended complaint in accordance with this order will result
23 in a recommendation that this action be dismissed without prejudice; and
24 /////
25 /////
26 /////

Case 2:06-cv-01165-CAS   Document 17   Filed 09/24/07   Page 10 of 10

1.    3. Plaintiff's March 5, 2007 motion for appointment of counsel is denied.
2. DATED: September 21, 2007.

                                                    /s/ Dale A. Drozd
                                                    DALE A. DROZD
                                                    UNITED STATES MAGISTRATE JUDGE

DAD:9
ferg1165.14am