UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM FERGUSON,<br><br>           Plaintiff(s),<br><br>vs.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, ET AL.,<br><br>           Defendant(s). | Case No.  2:06-CV-01165 CAS<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS |

**I.    INTRODUCTION**

In 2006, plaintiff Jim Ferguson filed a section 1983 prisoner civil rights claim ("the Complaint") seeking redress for events that allegedly occurred during his incarceration at the California Department of Corrections. The Complaint was filed in the United States District Court for the Eastern District of California and named as defendants Lieutenant Anglea, Sargent Sobol, and Lieutenant Robbins (collectively "Defendants"). Plaintiff alleges that during his incarceration, defendants violated his civil rights by: (1) denying plaintiff the opportunity to file a criminal complaint; (2)

/ / /

/ / /

/ / /

disclosing plaintiff's confidential information; and (3) pursuing disciplinary action against plaintiff based on unfounded accusations.[1]  See generally Compl.

In December 2006, the court for the Eastern District screened plaintiff's complaint pursuant to 28 U.S.C. § 1915A and found that it failed to state a cognizable claim. The court thereby dismissed plaintiff's complaint with leave to amend. Def's Mot. to Dismiss ¶ 3. In March 2007, plaintiff filed a first amended complaint ("FAC"), which the court again screened and dismissed with leave to amend.[2]  Id. In January 2008, plaintiff filed the operative second amended complaint ("SAC"). Id. The Eastern District court then reassigned the action to this Court. On July 25, 2012, this Court issued a screening order pursuant to 28 U.S.C. § 1915A, finding that plaintiff's complaint stated a cognizable claim. The July 25, 2012 order limited service to the named correction officers and excluded plaintiff's negligence claim against the dentist. Id. ¶ 4.

On July 5, 2013, defendants filed motions to dismiss ("the Motion"), pursuant to Federal Rule of Civil Procedure 12(b)(6).[3]  Defendants argue that the complaint fails to state a claim as a matter of law and, as such, the Court should dismiss plaintiff's SAC

---

[1] Plaintiff's original complaint also alleged a negligence claim against the Correction Department's dentist. This claim was dismissed following the Court's screening of plaintiff's Second Amended Complaint pursuant to 28 U.S.C. § 1915A.

[2] In the FAC's screening order, The Honorable Dale A. Drozd, United States Magistrate Judge for the Eastern District of California, directed plaintiff to clarify whether his current confinement is related to his 2003 confinement. The screening order also identified several defects in the pleadings, including that the allegations were vague and conclusory. Judge Drozd advised plaintiff to provide additional allegations in his SAC to cure these defects, and also advised plaintiff that the pursuit of criminal charges is not a private right.

[3] Defendant Anglea filed a motion to dismiss, and defendants Robbins and Sobol filed a joint motion to dismiss.

with prejudice.[4] Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

In 2003, while incarcerated by the California Department of Corrections, Ferguson was involved in a physical altercation with a fellow inmate ("the altercation"). Plaintiff alleges that the initial investigative report pronounced plaintiff a victim of assault. SAC ¶ 3. Notwithstanding the report's narration of events, plaintiff alleges that defendant Anglea denied plaintiff the opportunity to pursue criminal charges against his assailant. Moreover, plaintiff alleges that defendant Sobol manipulated the account of the altercation provided in the report in order to portray plaintiff as an aggressor, rather than a victim. See SAC.

Plaintiff alleges that as a result of Sobol's unfounded accusations, he was subjected to a disciplinary proceeding and further thwarted in his desire to file a criminal charge against his assailant. At the disciplinary proceeding, plaintiff was found guilty of engaging in a physical altercation and sanctioned with a ninety-day loss of credits, which in turn caused plaintiff to miss his parole date by sixty days.[5] Additionally, plaintiff alleges that defendant Robbins carelessly handled the confidential information surrounding the

---

[4] On April 21, 2014, plaintiff filed a one-page opposition. In short, the opposition reiterated plaintiff's belief that the complaint is adequate. Plaintiff did not offer any additional allegations or legal theories.

[5] The FAC's screening order directed plaintiff to clarify whether his present incarceration was related to his 2003 incarceration. See Dkt. 17. The purpose of this request was to determine if plaintiff could plead damages for his §1983 claim. A prisoner cannot seek damages under § 1983 based on the validity of their incarceration unless the prisoner can show that the incarceration was in fact illegal. Edwards v. Balisok, 520 U.S. 641, 648 (1997). Thus, if plaintiff's current incarceration were simply a continuation of plaintiff's 2003 incarceration, then the sixty-day delay in plaintiff's release caused by Sobol's allegedly false accusations would not have been illegal. In the SAC, plaintiff alleges that the two incarcerations are the result of separate sentences. Accordingly, plaintiff may attempt to recover damages based on Sobol's alleged misconduct.

altercation. Specifically, plaintiff alleges that Robbins allowed administrative staff to transcribe the disciplinary report which contained sensitive information, such as plaintiff's testimony. Plaintiff alleges that this mishandling caused information to circulate among the inmates, endangering plaintiff. Further, plaintiff alleges that on two occasion inmates have confronted him concerning this information.

### III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir.2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief .") (citing Twombly and Iqbal);

Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981.) Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials.) In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir.1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir.1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir.2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir.1981).

## IV. DISCUSSION

The SAC alleges that during plaintiff's incarceration by the California Department of Corrections, defendants violated plaintiff's civil rights in contravention of the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under section 1983, plaintiff must allege that he: "[1] was deprived of a right secured by the Constitution or laws of the United States, and [2] that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999). "A pleading will not be sufficient to state a claim under the Civil Rights Act if the allegations are mere conclusions." Kennedy v. H & M Landing, Inc., 529 F.2d 987 (9th Cir. 1976). Defendants

argue that plaintiff's SAC fails to allege the deprivation of rights secured by the Constitution, and thus plaintiff's section 1983 claim must fail.

### A.     Defendant Anglea

Plaintiff alleges that defendant Anglea violated his civil rights by depriving plaintiff of the opportunity to pursue criminal charges against his alleged attacker. Defendants argue that this allegation does not constitute the deprivation of a right under section 1983, since the right to file a criminal complaint is not a right afforded by the Constitution.

The Court agrees with the defendants and finds the SAC fails to state a claim against Anglea. As the Supreme Court in Diamond v. Charles observes, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." 476 U.S. 54, 64 (1986)(citing A Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)). Following this, courts have frequently found section 1983 claims inadequate where the plaintiff's alleged deprivation of rights rests solely on an interference with the filing or investigation of a criminal complaint. See e.g., Ellen v. Stamm, 951 F.2d 359 (9th Cir. 1991)(affirming magistrate judge's refusal to file criminal complaint, notwithstanding plaintiff's contention that this violated her civil rights); Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985)("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); Joseph v. Lewis, 95 F.3d 54 (5th Cir. 1996)(finding allegations that defendant interfered with plaintiff's right to file criminal charge insufficient to support section 1983 claim).

Insofar as plaintiff's complaint only alleges that Anglea interfered with his ability to file a criminal charge, plaintiff has not alleged the deprivation of a right under section 1983 and, as such, plaintiff's claim against Anglea fails. Further, because there is no constitutional right to file a criminal complaint, granting plaintiff leave to amend would be

futile. Accordingly, the Court GRANTS defendants' motion to dismiss plaintiff's claim against Anglea with prejudice.

### B. Defendant Sobol

With regard to defendant Sobol, plaintiff alleges that by mislabeling him an "attacker" in the altercation, Sobol deprived plaintiff of his right to be free from false accusations and further infringed on plaintiff's ability to pursue criminal charges against his alleged assailant. Defendants argue that like the allegations against Anglea, plaintiff's allegations against Sobol fail to state the deprivation of a right secured by the Constitution. Defendants assert that the Constitution does not guarantee immunity from false accusation, nor does it guarantee the right to pursue criminal charges.

The Court agrees with defendants and finds plaintiff's claim against Sobol fails. The SAC alleges that Sobol violated plaintiff's constitutional rights by falsely accusing plaintiff of being an aggressor in the altercation. See SAC. However, "courts have held that a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports." Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) aff'd, 168 F.3d 498 (9th Cir. 1999) (citing Freeman v. Rideout, 808 F.2d 949 (2d Cir. 1986)). Here, plaintiff solely alleges that Sobol issued a disciplinary report that wrongfully accused plaintiff of being an aggressor. This allegation, standing alone, is insufficient to state a section 1983 claim. Moreover, plaintiff's allegation that the false accusations violated his constitutional right to file a criminal charge against his assailant fails for the same reasons discussed *supra*. Accordingly, plaintiff fails to state a claim against Sobol. Further, because the Constitution does not guarantee the aforementioned rights, providing plaintiff with leave to amend would be futile, and thus the Court GRANTS defendants' motion to dismiss the claims against Sobol with prejudice.

/ / /

/ / /

### C. Defendant Robbins

Finally, plaintiff alleges that defendant Robbins violated his civil rights by mishandling plaintiff's confidential information. Defendants argue that these allegations cannot support a section 1983 claim, since the disclosure of confidential information to other inmates is captured by the Eighth Amendment's prohibition against cruel and unusual punishment, but it requires a plaintiff to demonstrate that the corrections officer acted with "deliberate indifference to a known risk of harm to an inmate from other inmates." Morris v. Horel, 2008 WL 686874 (N.D. Cal. 2008) (dismissing Eighth Amendment claim because plaintiff alleged negligence and not "deliberate indifference."). Defendants argue that, at best, plaintiff alleges that Robbins acted negligently, and thus plaintiff fails to state a claim. See Defs' Mot. to Dismiss.

The Court finds the SAC fails to state a cognizable claim against defendant Robbins. Plaintiff asserts that his rights were violated by Robbins' alleged mishandling of plaintiff's confidential information. See SAC. Specifically, plaintiff alleges that by allowing the office clerks to type plaintiff's disciplinary report, "Lt. Robbins intentionally allowed confidential material . . . to be circulated through the inmate population by an inmate clerk." See SAC. However, defendants are correct that the disclosure of confidential information by an officer only constitutes a violation of the Eighth Amendment's proscription against cruel and unusual punishment where it is done with "deliberate indifference to a known risk of harm to an inmate." Morris v. Horel, 2008 WL 686874, at *2 (N.D. Cal. Mar. 12, 2008). Moreover, "(n)either negligence nor gross negligence amounts to deliberate indifference." Id.

Here, the SAC falls short of alleging that Robbins acted with "deliberate indifference" in allegedly mishandling plaintiff's confidential information. Instead, plaintiff alleges that by allowing a clerk to type plaintiff's disciplinary report, Lt. Robbins acted with "gross negligence." See Compl. Gross negligence does not amount to

deliberate indifference.  Accordingly, the Court finds that plaintiff fails to state a claim against defendant Robbins.

Further, when the Court screened plaintiff's FAC, plaintiff was given notice that he was required to allege deliberate indifference in order to state a claim under the Eighth Amendment.  In light of plaintiff's failure to amend his SAC to conform to this requirement, the Court finds that granting plaintiff leave to amend would be futile.  Thus, the Court GRANTS defendants' motion to dismiss the claim against Robbins with prejudice.

Dated: October 31, 2014                    _____
                                           CHRISTINA A. SNYDER
                                           UNITED STATES DISTRICT JUDGE